# Western Union Telegraph Co. *v.* Sledge.

*Damages for Failure to Deliver Message.*

(Decided April 24, 1913.  62 South. 390.)

1. *Telegraph and Telephone; Message; Receipt; Waiver.*—If the agent of a telegraph company receiving a message for trans- mission had no knowledge of the office hours at the delivery office, and there was nothing to charge him with such knowledge, the mere receipt of the message would not, as a matter of law, be a waiver of the rules as to such office hours.

2. *Same; Failure to Deliver; Plea.*—A plea alleging that the place of delivery of the message was a small town with office hours from 7 A. M. to 5 P. M., that the message was delivered at the send- ing office after 5 P. M., and was received by the delivery office at 9 the next morning, when it was promptly carried to the place of business of the sendee, and on ascertaining that sendee had left, the sender was promptly informed, was demurrable as not showing that the receiving agent did not know the office hours at the delivery office, and as not showing prompt transmission on the following day.

3. *Same; Complaint.*—Where the complaint alleged failure to transmit and deliver a message announcing the death of plaintiff's

[Western Union Telegraph Company v. Sledge.]

brother; that defendant was a corporation engaged in the business of sending telegrams between the points mentioned; that the message was delivered to it and the fee for transportation paid, but defendant broke its contract in failing to deliver the message promptly as it should have done, and that if it had reached the sendee (plaintiff's husband) he could have arrived before the funeral, but by reason of the delay he did not arrive, it was not subject to the demurrer interposed thereto.

4. *Appeal and Error; Harmless Error; Pleading.*—It is error without injury to sustain a demurrer to a plea containing matters available under the plea of the general issue when that plea is interposed.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Action by Janie Sledge against the Western Union Telegraph Company for damages for failure to deliver telegram promptly. Judgment for plaintiff, and defendant appeals. Affirmed.

The first count of the complaint was for the failure to transmit and deliver a telegram delivered at Littleton to the defendant, to be transmitted to L. L. Sledge at Aliceville, both within the state of Alabama; the message being in the following words: "Littleton, Ala., June 15, 1910. To L. L. Sledge, c/o Murphy & Cunningham, Aliceville, Ala. Brother died this morning. Will be here this evening. Janie." The complaint further alleges that the defendant was a corporation engaged in the business of sending telegrams between the points above mentioned, as well as other points, and that the message was delivered and plaintiff paid the price charged for transmission and delivery of said message to said Sledge, but that defendant broke the contract in this: That it failed to transmit and deliver said message to said Sledge promptly, as it should have done. It is further alleged that if the message had been promptly delivered her husband could and would have reached her at said Littleton within a short time and before the funeral and burial of her brother, and that

she would have had the consolation and sustaining influence of his presence, etc., but by reason of the delay in the transmission and delivery he did not reach her and was not with her, etc. The demurrers were that the complaint failed to show a breach of legal duty, except by way of conclusion, and that from the facts averred no duty arose for which there was a breach, and that the complaint was ambiguous as to whether or not the action is one for breach of contract or for breach of duty growing out of the contract.

Plea 3 is as follows: "For further plea to this complaint, the defendant says that said telegram referred to in said complaint was transmitted and delivered promptly to Murphy & Cunningham, in whose care said message was sent; and defendants aver that, at the time said telegram was received by defendant's agent at Aliceville, said L. L. Sledge was not in Aliceville, and therefore the message could not be delivered to him."

"(5) Defendant says: That the message referred to in said complaint was addressed to L. L. Sledge, c/o Murphy & Cunningham, Aliceville, Ala., and defendant avers that Aliceville is a small town or village and has only one agent thereat. That the office hours of defendant at said town are from, to wit, 7 a. m. to 5 p. m. That said message was not given to defendant at Littleton for transmission until after office hours, at Aliceville. That therefore said message was not received by defendant's agent at Aliceville until, to wit, 9 o'clock the morning following the day on which it was received by defendant for transmission. That promptly upon its receipt defendant's said agent at Aliceville carried, or caused to be carried, said message to the place of business of Murphy & Cunningham. That defendant's said agent was informed through Mr. Cunningham, of the firm of Murphy & Cunningham, that the sendee of said

message had left Aliceville. That on receipt of such information defendant's said agent promptly sent a service telegram to plaintiff informing plaintiff to the effect that said L. L. Sledge had left Aliceville and that said message could not be delivered. The demurrers were that it was not averred that plaintiff knew or was informed or given any notice that defendant's office at Aliceville closed at 5 p. m. That, having accepted said message for delivery, defendant is estopped from denying that it could not possibly deliver the same on account of the regulation of its own, and that the plea admits that the message was received and accepted by it, and is thereore estopped from setting up the defense that its office at Aliceville had already closed before the receipt of the message."

CAMPBELL & JOHNSTON, and JONES & PENICK, for appellant. The court erred in sustaining demurrers to defendant's fifth plea.—*Hill's case,* 160 Ala. 19; *W. U. T. Co. v. Perry,* in MSS; *Givens v. W. U. T. Co.,* 24 Fed. 124; *Neal's case,* 40 Am. St. Rep. 847. The court erred in sustaining demurrer to the 3rd plea, as the matters therein set up were not available under the general issue.—Section 5331, Code 1907; Jones on Telegraphs, sec. 290. The court erred in overruling demurrers to the complaint.—*Blount's case,* 126 Ala. 105.

BROWN & WARD, for appellee. The action was clearly in contract and not in tort.—*W. U. T. Co. v. Crumpton,* 36 South. 517; *Manker v. W. U. T. Co.,* 34 South. 839. If there was any error in sustaining demurrer to the 3rd plea, it was harmless, as the matters therein set up were available under the general issue which was pleaded. There was no error in sustaining demurrer to the 5th plea.—*W. U. T. Co. v. Hill,* 50 South. 249; *W. U. T. Co.*

*v. Crumpton, supra; W. U. T. Co. v. Merrill,* 39 South. 121. By receiving the message for transmission after office hours, the company waived those regulations.— *Wilson's case,* 93 Ala. 32; 50 South. 251; *W. U. T. Co. v. Cleveland,* 53 South. 80.

PELHAM, J.—The message the appellee sued the appellant for a failure to deliver promptly was a death message showing on its face that it was a message for the purpose of conveying the information of death between immediate members of the family. The appeal is on the record without a bill of exceptions, and the appellant's contention most seriously insisted upon as constituting reversible error is based on the court's ruling in sustaining the plaintiff's demurrers to the defendant's plea numbered 5. Plea No. 5 is in the nature of a plea in confession and avoidance, and seeks to avoid liability for prompt delivery of the message by alleging that the message was filed for transmission with the defendant's agent at the receiving office of defendant after office hours on that day at the terminal office for the message. (The reporter will set out this plea as shown on pages 11 and 12 of the transcript.)

It was held in the case of *W. U. Telegraph Co. v. Hill,* 163 Ala. 18, 37, 50 South. 248, 254 (23 L. R. A. [N. S.] 648, 19 Ann. Cas. 1058), that: "A telegraph company has a right to adopt rules as to office hours, and have reasonable rules for its own protection; but it also has the right to waive them, and does waive them as to office hours when it accepts a message for transmission and delivery without the office hours without informing the sender of such rules or without explaining to him that it would not be transmitted or delivered until the time." In this case the court further holds in this connection that if the agent of the telegraph company re-

ceiving the message has no knowledge of the office hours at the place where the message is to be sent for delivery, and there is nothing to charge him with knowledge or notice, the mere receipt of the message would not be a waiver; but that in the case under consideration the question of waiver of the rules by receipt of the message was one for the jury.

On the aspect of the case as presented in *W. U. Telegraph Co. v. Cleveland,* 169 Ala. 131, 53 South. 80, Ann. Cas. 1912B, 534, it was held that the trial court was not in error in refusing to instruct the jury, as a matter of law, that if the telegraph company's office hours on Sundays at the terminal office for the message were from 4 to 6 o'clock in the afternoon, and such hours were reasonable, no duty rested on the telegraph company to undertake the transmission of the message until 4 o'clock p. m. of that day. This holding was predicated on the evidence being in conflict as to whether the agent at the company's office receiving the message informed the party delivering the message for transmission that the terminal office for the message would not be open for the receipt of messages until 4 o'clock. Under such conditions the court in effect says in the opinion in that case that, if the jury found that the agent at the receiving office did not so inform the sender of the message that the terminal office for the message would not be open for the receipt of messages until 4 o'clock, then in that event, under facts in that case, the receipt of the message for transmission and delivery out of office hours would constitute a waiver of the rule governing the company's hours for doing business at the terminal office. The case of *W. U. Telegraph Co. v. Hill, supra,* is cited in support of this holding.—*W. U. Telegraph Co. v. Cleveland,* 169 Ala. 131, 142, 53 South. 80, Ann. Cas. 1912B, 534.

Under the influence of what is said in the two cases above referred to, the trial court was justified in sustaining demurrers to the fifth plea on the stated ground that the plea fails to aver that the plaintiff, who delivered the message to the company's agent at Littleton, Ala., knew, or was informed or put on notice, that the office at Aliceville, Ala., would not be open after 5 o'clock p. m. of that day. For aught that appears from the plea, the defendant's agent, who received the message at Littleton, knew the office hours at Aliceville and accepted the message for transmission to that office after the hours for keeping the office open there, and withheld all information on this fact from the plaintiff; and, if so, this would be a waiver of the rules as to office hours. The plea is otherwise demurrable in that it fails to aver facts showing a prompt transmission of the message to Aliceville after the opening of the office at that place under the rules set up and relied upon. The plea shows that the office at Aliceville opened at 7 o'clock a. m., and that the message was not transmitted to that office and received there until 9 o'clock. It was at least the duty of the telegraph company to transmit the message to the terminal office for the message without delay after that office opened under the rules of the defendant company for that office. There is nothing in the way of what we have above held in the case of W. U. Telegraph Co. v. Perry, 3 Ala. App. 247, 56 South. 824, cited and relied upon by appellant.

The defendant could receive the benefit of the defense sought to be set up by plea No. 3 under its plea of the general issue, and no injury could have resulted from the court's action in sustaining demurrers to this plea. —W. U. Telegraph Co. v. Rowell, 153 Ala. 295, 45 South. 73; W. U. Telegraph Co. v. Cleveland, 169 Ala. 131, 140, 53 South. 80, Ann. Cas. 1912B, 534.

[Western Union Telegraph Company v. Sledge.]

The action of the court in overruling the defendant's demurrers to the first count of the complaint was without error.—*W. U. Telegraph Co. v. Rowell, supra.*

We find no error in the rulings of the trial court on the pleadings that are insisted upon and discussed by counsel for appellant in brief, and the judgment appealed from is affirmed.

Affirmed.